**SEAGRAVES v. TEXAS & G. S. S. CO.**
**(No. 8096.)**

(Court of Civil Appeals of Texas. Galveston.
Dec. 12, 1921.)

1. Courts �köö489(7)—State courts have jurisdiction of boat owner's suit to recover amount paid to discharge maritime lien for supplies furnished to lessees.

A suit by the owner of a boat to recover an amount paid to release it from a maritime lien under Vernon's Sayles' Ann. Civ. St. 1914, art. 5650, for supplies furnished to lessees, is not one over which the federal court has jurisdiction, but one of which the county courts of the state have jurisdiction; the lien having been paid off and discharged.

2. Shipping ⊙⊃50—Owner's right to recover from charterer for discharging lien created by charterer held original and not derived from lienor.

A boat owner may sue to recover from lessees an amount paid to secure the release of the boat from a maritime lien for supplies furnished them without written assignment of the account by lienor; the cause of action never having been owned by the latter, but accruing to the owner primarily.

3. Shipping ⊙⊃50—Amount of recovery of boat owner paying demand to release boat from maritime lien for supplies furnished lessees stated.

In a boat owner's action to recover from lessees an amount paid by it to secure the release of the boat from a maritime lien for supplies furnished lessees for which a balance was still owing, plaintiff can recover only the proved amount of lessees' purchases from lienor less the amount paid by them on account, though the total account, as claimed by lienor, the difference between which and the amount paid thereon the owner paid to discharge the lien, was greater than the amount proved.

Appeal from Harris County Court; John W. Lewis, Judge.

Action by the Texas & Gulf Steamship Company against O. R. Seagraves and others. Judgment for plaintiff, and defendant Seagraves appeals. Affirmed.

Vinson, Elkins & Wood and C. M. Hightower, all of Houston, for appellant.

Byers & Cavanagh, of Houston, for appellee.

LANE, J. This suit was brought by appellee, Texas & Gulf Steamship Company, against the Merchants' Dispatch Transportation Company, a copartnership composed of A. H. Doty, J. H. Dwire, and O. R. Seagraves, and against said partners individually, to recover the sum of $443.56 alleged to be a balance due on an open account of $622.76.

For cause of action the plaintiff, appellee, in effect alleged:

"That it entered into a certain contract or charter party with A. H. Doty, J. H. Dwire and O. R. Seagraves, operating and doing business under the firm style or trade-name of 'Merchants' Dispatch Transportation Company,' by the terms of which contract or charter party plaintiff, 'owner of the boat,' let to the defendants the towboat 'Sunflower No. 2' for a period of two months, the defendants agreeing to pay for all gasoline, lubricating oil and supplies furnished the said boat while they were operating it under said contract or charter party; that the said defendants purchased gasoline, lubricating oil and other materials from the Gulf Refining Company for the use and operation of said boat, 'Sunflower No. 2,' amounting to $622.75; that the defendants failed and refused to pay the Gulf Refining Company the amount due on said account, except the sum of $179.19; and that the plaintiff was compelled to pay the sum of $443.56, balance due on the account, in order to release the said boat from the lien (which lien was claiming by virtue of article 5650), held by the Gulf Refining Company."

Defendant J. H. Doty was dismissed from the cause without objection.

J. H. Dwire filed no answer, and judgment was rendered against him for $443.56 by default.

O. R. Seagraves answered by general demurrer, special exceptions, and general denial.

Before proceeding to trial on the pleadings above stated, defendant Seagraves filed a motion to dismiss the suit, upon the ground that the trial court was without jurisdiction to hear and determine said cause.

The court overruled the demurrers, special exceptions, and pleas to the jurisdiction of the court interposed by defendant O. R. Seagraves, and a jury being waived the cause proceeded to trial, and judgment was rendered in favor of appellee, Texas & Gulf Steamship Company, against appellant, O. R. Seagraves, for the sum of $307.70.

The appellant, in effect, makes but three contentions for the reversal of the judgment appealed from, which are: (1) That the court erred in overruling his plea to the jurisdiction of the court and in assuming jurisdiction of the cause and rendering judgment therein, for the reason that the case was one in admiralty, of which the District Courts of the United States have exclusive jurisdiction by virtue of the provisions of subdivision 3 of article 991 of the Statutes of the United States; (2) that the court erred in rendering judgment in favor of appellee, because there was no written assignment of the account sued on from the Gulf Refining Company to appellee, and without such assignment no cause of action arose in favor of appellee by reason of the payment of the account due by O. R. Seagraves and others to the refining company, notwithstanding the fact that such payment was made by appel-

⊙⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

lee after demand was made upon it by the refining company, and notwithstanding the further fact that said payment was made to relieve appellee's boat from a lien created by the making of said account by Seagraves and his associates; and (3) that the court erred in rendering judgment against O. R. Seagraves for the sum of $307.70, for the reason that appellee pleaded, and thereby admitted, that appellant Seagraves and his associates were entitled to a credit of $179.19 on the debt created by them with the refining company, and that there was no evidence showing that Seagraves and his associates ever purchased from the refining company gasoline, lubricating oil, or other supplies, for which they were charged any sum in excess of $307.70, and the court so found; therefore, appellant should have been allowed an offset of $179.19 against the sum of $307.70 adjudged against him.

These contentions will be disposed of in the order named.

[1] This suit was not one for the foreclosure of a maritime lien. The lien upon appellee's boat was created by the purchase of supplies by O. R. Seagraves and his associates, and was one which they were obligated under the charter party to discharge. This lien was paid off and discharged by appellee, upon demand made upon it by the refining company, in order to prevent suit by the lienholders to foreclose said lien against its boat and thereby subject it to seizure and sale to satisfy the debt incurred by Seagraves and his associates. The payment by appellee to the refining company of the sum due for supplies furnished by it to Seagraves and his associates for the boat Sunflower, while the same was being operated by them, extinguished the maritime lien which the refining company held against the boat by reason of the purchase of said supplies, and such maritime lien having been paid off and discharged by appellee in order to release its boat from duress in which Seagraves and his associates had placed it, and the suit being one against Seagraves and his associates for reimbursement for such sums of money as it was compelled to pay the refining company for the release of its boat, it is clear, we think, that the suit was not one over which the federal court had jurisdiction, but was one which the county court of Harris county had jurisdiction to try.

[2] Reverting now to the second contention: This suit was not one for a recovery upon the account of the refining company against the boat Sunflower. This account had been paid to the refining company by appellee and no longer existed. The suit brought by appellee, as above suggested, was one against Seagraves and his associates for reimbursement of the money it was compelled to pay the refining company because of the failure of said Seagraves and his associates to pay off and discharge the account they had made with the refining company which created a lien in favor of the refining company against appellee's boat. This cause of action so brought was never one owned by the refining company, but was one accruing to appellee primarily by reason of the wrongs of Seagraves and his associates, and for which they were directly and primarily liable to appellee. It is clear, we think, that the second contention is without any merit whatever.

[3] The third contention, however, presents a more serious question, which, we think, requires at our hands a reformation of the judgment.

The trial court found that during the time the boat Sunflower was operated by Seagraves and his associates, the refining company, at their request, supplied the boat Sunflower with certain fuel and lubricating oils from its delivery station at Harrisburg, for which the defendants agreed to pay the sum of $307.70, the same being evidenced by delivery tickets, and in connection with such finding found further as follows:

"I further find from the evidence introduced that the total amount of supplies proven by plaintiff to have been supplied to the boat Sunflower by the Gulf Refining Company amounted to the sum of $307.70; that plaintiff failed to prove the delivery of the balance of the amount sued for, claimed to have been delivered by said Gulf Refining Company to said towboat, Sunflower, from station at Goose Creek, and that as to the balance of said amount claimed plaintiff is not entitled to judgment."

He finds, however, that in order to procure the release of the lien against the plaintiff's boat, the plaintiff was compelled to pay and did pay to the refining company, prior to the institution of this suit, the sum of $443.56, which was demanded of it by said refining company, which sum includes the $307.70 account which he found had been proven. Having so found, he rendered judgment against O. R. Seagraves for the sum of $307.70, regardless of the further finding that the defendants were entitled to a credit of $179.19 upon the account made by them with the refining company.

We are at a loss to understand how the court could have concluded that the defendant Seagraves was indebted to the plaintiff in the sum of $307.70 after having found that the total sum of purchase was $307.70 and that they were entitled to a credit of $179.19.

Counsel for appellee undertakes to explain the theory upon which the court reached the conclusion that judgment should be rendered against O. R. Seagraves for $307.70, by saying that the account made by Seagraves and his associates with the refining company, as claimed by the refining company, was for the sum of $622.75, and that $179.19 was paid by the defendants upon this account which reduced it to $443.56, the sum for which

judgment was rendered against defendant J. H. Dwire, but as the plaintiff failed to show that the merchandise actually purchased from the refining company by the defendants exceeded the sum of $307.70, judgment was rendered against the defendant Seagraves for the last-named sum only, and that the credit of $179.19 should have been and was by the court deducted from the original account of $622.75 claimed by the refining company, and not from the sum of $307.70 found by the court to be the total amount of the purchase of the defendants from the refining company. This attempted explanation fails to explain.

It is manifest that the defendants were only liable to the refining company for such sum as is shown to have been the total sum of their purchase, which the court found to be $307.70; and since it is admitted that the defendants paid on their account the sum of $179.19, the only sum for which they or either of them could be held liable was for the sum of $307.70 less $179.19, or the net sum of $128.51.

We have reached the conclusion that the judgment of the trial court should be reformed by allowing appellant a credit of $179.19 to be deducted from the sum of $307.70 awarded to appellee so as to allow appellee a judgment for the sum of $128.51.

Having reached such conclusion, the judgment is here reformed as above indicated, and as reformed is in all things affirmed.

Affirmed.